R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Creative Photographers, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMMOLAND, INC., <br><br> Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

Plaintiff, Creative Photographers, Inc., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against defendant AmmoLand, Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a New York corporation with a business address at 135 East 57th Street, 14th Floor, New York, New York, 10022.

4. Upon information and belief, Defendant is a New Jersey corporation, with a business address at PO Box 0465, Manasquan, New Jersey, 08736.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

8. Plaintiff provides an exclusive independent "boutique style" agency which serves photographers and artists by licensing their images in both traditional and new media platforms for a variety of uses, including editorial uses.

9. One of Plaintiff's award-winning photographers is Nigel Parry. Mr. Parry began his photographic career in London and moved to New York City in 1994. In his twenty-five-year career, he has photographed not only celebrities but also the world's most famed

cultural and political icons of our time. His award-winning work has been published by *Vanity Fair*, *W*, *The New York Times Magazine*, and *TIME*, to name a few.

10. Some of his many accolades include: The European Magazine Award, The Award of Excellence from the Society of Publication Designers, The American Society of Magazine Editors Portrait Award, Hasselblad Master Photographer, and awards from Communication Arts, Graphis, PDN, Art Director's and American Photography, among many others.

11. His work has also been exhibited internationally at art galleries, museums and festivals including; The National Portrait Gallery in London, The National Galleries of Scotland, The Royal Collection at Windsor Castle, a show at The National Museum of Film & Photography, Le Festival Pour L'image Perpignan and Milk Galleries in NYC. He has also had the honor of being the first portrait photographer to be invited to exhibit his work at the prestigious Cannes Film Festival.

12. Mr. Parry is the owner of the photographic image referenced as NPA15030_01_003, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

13. The Copyrighted Work is an original work of authorship.

14. Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

15. On November 9, 2016, on behalf of Nigel Parry, Plaintiff obtained a certificate of registration with the United States Copyright Office for the photographic work referenced as NPA15030_01_003, Registration Number VA 2-021-920, in a bulk registration along with other works.

16. Attached hereto as Exhibit B is a copy of certificate of registration number VA 2-021-920 from the United States Copyright Office.

**B.   Defendant's Unlawful Activities**

17. Upon information and belief, Defendant owns and operates or participates in the operation of a number of websites, including one located at the URL http://www.ammoland.com, where Defendant publishes copyrighted content, or causes copyrighted content to be published, such as that belonging to Plaintiff, to draw internet users to visit and remain at Defendant's websites where Defendant's brand, products and services are promoted and sold and where profits from advertising revenue grow as viewership grows.

18. Plaintiff discovered that Defendant infringing the exclusive copyrights in the Copyrighted Work.

19. Specifically, Plaintiff discovered exact copies of the Copyrighted Work being reproduced, distributed, and publicly displayed at the following websites (herein after the "Infringing Websites"):

- https://www.ammoland.com/wp-content/uploads/2016/11/Donald-Trump-img-by-Nigel-Parry-450x337.jpg?c4183f
- https://www.ammoland.com/wp-content/uploads/2016/11/Donald-Trump-img-by-Nigel-Parry.jpg
- https://www.ammoland.com/2017/09/what-harvey-wrought/
- https://www.ammoland.com/2016/12/rolling-back-environmental-progress-under-the-trump-presidency/

20. Screenshots of Defendant's unlawful use of the Copyrighted Work are attached hereto as Exhibit C.

21. Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly

displayed without Plaintiff's permission.

22. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

23. The reproduction, distribution, and public display by Defendant of Plaintiff's Copyrighted Work is without Plaintiff's authorization.

24. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work is knowing and willful and in reckless disregard of Plaintiff's rights.

25. Plaintiff has caused a number of cease and desist letters to be sent to Defendant.

26. Defendant continues to disregard the copyrights of Plaintiff, forcing Plaintiff to bring this action.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

27. Plaintiff realleges the paragraphs above and incorporates them by reference as if fully set forth herein.

28. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

29. Plaintiff owns sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

30. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Works prior to the reproduction, distribution, and public display of the

Copyrighted Work at the Infringing Websites.

31. Defendant reproduced, distributed, and publicly displayed the Copyrighted Work at its websites without authorization from Plaintiff.

32. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work at its websites.

33. Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and it has profited at the expense of Plaintiff.

34. As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

35. At Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

36. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

37. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

39. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

40. As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

41. By its actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

42. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendant has profited at the expense of Plaintiff.

43. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

44. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

45. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

46. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

47. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

48. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

49. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

50. As a result of each of Defendants' right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

51. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Defendant benefitted from that direct infringement.

52. As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

53. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

54. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

55. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

56. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyright under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it

reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                Respectfully submitted,

Dated: January 28, 2019

                                */s/ R. Terry Parker*
                                R. Terry Parker, Esquire
                                RATH, YOUNG and PIGNATELLI, P.C.
                                120 Water Street, Second Floor
                                Boston, MA 02109
                                Telephone: (603) 226-2600
                                Email: rtp@rathlaw.com

                                *Attorneys for Plaintiff*
                                *Creative Photographers, Inc.*